NO.
12-03-00426-CV

 

                     IN THE COURT OF APPEALS 

 

          TWELFTH
COURT OF APPEALS DISTRICT

 

                                TYLER, TEXAS

DAN
THOMAS,                                                '                 APPEAL
FROM THE THIRD

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                       '                 ANDERSON
COUNTY, TEXAS

                                                                                                                                                           


                                                      MEMORANDUM
OPINION

Appellant
Dan Thomas (AThomas@) appeals from the district court=s order denying his petition for writ
of audita querela.  Thomas presents two issues on appeal.  We affirm.

In
his petition for writ of audita querela, Thomas sought to collaterally attack his conviction  for
aggravated assault on a correctional officer in cause number 20,692.  Specifically, he contends that the two prior
convictions alleged in the enhancement paragraphs of the indictment in cause
number 20,692 were not final convictions. 
Thomas further alleges that Anderson County officials, instead of granting
him a speedy trial, filed a capias for a detainer while Thomas served sentences resulting from the
other two convictions.  Consequently,
Thomas=s
argument continues, the convictions became final and could then be used to
enhance the aggravated assault charge. 
These facts, Thomas concludes, render the judgment of conviction in
cause number 20,692 erroneous as a matter of law.  Therefore, Thomas argues in two issues on
appeal that the trial court abused its discretion in denying the writ and in
not granting a hearing on Thomas=s
petition. We disagree. 








The
legislature has prescribed the writ of habeas corpus as the remedy to be used
when any person is restrained in his liberty. 
Tex. Code Crim. Proc. Ann. art.
11.01 (Vernon 1977).  The procedure outlined in code of criminal
procedure article 11.07 is the exclusive felony post-conviction remedy in the
courts of this state.  Ex parte Adams, 768 S.W.2d 281, 287 (Tex. Crim. App. 1989); see Tex. Code Crim. Proc.
Ann. art. 11.07
(Vernon Supp. 2004).  Consequently, the remedy Thomas seeks is not
available to him.  Accordingly, we
overrule Thomas=s issues
one and two.   The trial court=s order is affirmed.  

Thomas
also filed a motion asking us to take judicial notice of certain records.  Because we have affirmed the trial court=s order, Thomas=s
motion to take judicial notice is overruled as moot.

 

 

  
 DIANE DEVASTO   

     Justice

 

 

Opinion
delivered May 19, 2004.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

                                                                     (PUBLISH)